UNITED STATE DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
CITY OF NEW ROCHELLE

                    Plaintiff

-against-

AXIS SURPLUS INSURANCE COMPANY

                    Defendant
-------------------------------------------------------------------X

Case No.: 11cv1989

**ANSWER TO PLAINTIFF'S
VERIFIED COMPLAINT**

Defendant, AXIS Surplus Insurance Company, ("AXIS") by and through its attorneys CLAUSEN MILLER P.C., as and for its Answer to Plaintiff's Verified Complaint, hereby responds upon information and belief as follows:

## INTRODUCTION

1.      Paragraph 1 of Plaintiff's Complaint states a legal conclusion as to which no responsive pleading is required.  To the extent a responsive pleading is required, AXIS denies the allegations contained in Paragraph 1 of Plaintiff's Verified Complaint.

## THE PARTIES

2.      AXIS is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2 of Plaintiff's Verified Complaint.

3.      AXIS denies the allegations contained in Paragraph 3 of Plaintiff's Verified Complaint, except to admit that AXIS is an insurance company incorporated under the laws of the State of Illinois with a principal place of business located in Alpharetta, Georgia. AXIS admits that it conducts business in New York as a surplus lines insurer.

## FACTUAL BACKGROUND

4.      AXIS denies the allegations contained in Paragraph 4 of Plaintiff's Verified Complaint, except to admit that it issued Policy Number EAF723154-09 to the City of New Rochelle, effective December 31, 2009 to December 31, 2010 (the "AXIS Policy"). AXIS states that the AXIS Policy is the best evidence of its terms, conditions, provisions, exclusions, and limitations, which are expressly pled as if copied herein. Any allegations of fact or law which purport to modify, extend, alter, or otherwise vary the terms, conditions, provisions, exclusions, and limitations of the AXIS Policy are expressly denied.

5.      AXIS admits the allegations contained in paragraph 5 of Plaintiff's Verified Complaint.

6.      AXIS admits that the City Hall building located at 515 North Avenue, New Rochelle, New York is an "Insured Location" under the AXIS Policy.

7.      AXIS denies the allegations contained in Paragraph 7 of Plaintiffs' Complaint, except to admit that it issued the AXIS Policy and refers Plaintiff to its response to Paragraph number 4.

8.      AXIS admits the allegations contained in Paragraph 8 of Plaintiff's Verified Complaint.

9.      Paragraph 9 of Plaintiff's Verified Complaint states a legal conclusion as to which no responsive pleading is required. To the extent a responsive pleading is required, AXIS denies the allegations contained in Paragraph 9 of Plaintiff's Verified Complaint.

10.     Paragraph 10 of Plaintiff's Verified Complaint states a legal conclusion as to which no responsive pleading is required.  To the extent a responsive pleading is required, AXIS denies the allegations contained in Paragraph 10 of Plaintiff's Verified Complaint.

11.     AXIS admits that the City Hall building located at 515 North Avenue, New Rochelle, New York sustained a loss on or about April 2, 2010.

12.     AXIS is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12 of Plaintiff's Verified Complaint

13.     AXIS denies the allegations contained in Paragraph 14 of Plaintiff's Verified Complaint, except to admit that Arthur J. Gallagher Risk Management Services notified AXIS of the loss on or about April 5, 2010.

14.     AXIS admits the allegations contained in paragraph 14 of Plaintiff's Verified Complaint and states that the e-mail dated  April 5, 2010 is the best evidence of its contents.

15.     AXIS denies the allegations contained in Paragraph number 15, except to admit that it commenced an investigation into this claim and assigned GAB Robins as its independent adjuster.

16.     AXIS denies the allegations contained in paragraph 16 of Plaintiff's Verified Complaint, except admit to that the correspondence dated July 7, 2010 is the best evidence of its contents.

17.     AXIS is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 17 of Plaintiff's Verified Complaint

18.     AXIS admits that a letter was sent by Mr. Ward to Mr. Mark Zulli on October 7, 2010 and states that the letter dated October 7, 2010 is the best evidence of its contents. AXIS denies the remainder of Paragraph 18 of Plaintiff's Verified Complaint.

19.     AXIS admits that a letter was sent to by Kathleen Gill to Mr. Ward on December 1, 2010 and states that the letter dated December 1, 2010 is the best evidence of its contents. AXIS denies the remainder of Paragraph 19 of Plaintiff's Verified Complaint.

20.     AXIS admits that a letter was sent to Kathleen Gill on December 16, 2010 and states that the letter dated December 16, 2010 is the best evidence of its contents. AXIS denies the remainder of Paragraph 20 of Plaintiff's Verified Complaint.

21.     AXIS admits that a letter was sent to Kathleen Gill on January 5, 2011 and states that the letter dated January 5, 2011 is the best evidence of its contents. AXIS denies the remainder of Paragraph 21 of Plaintiff's Verified Complaint.

22.     AXIS admits that it declined to pay $273,433.90 for costs included in Plaintiff's claim. AXIS further admits that this is the sum which Plaintiff seeks to recover from AXIS. AXIS denies the remainder of Paragraph 22 of Plaintiff's Verified Complaint.

## AS AND FOR A FRIST CAUSE OF ACTION AGAINST AXIS SURPLUS INSURANCE COMPANY

23.     AXIS repeats and reiterates its responses to the foregoing paragraphs in Plaintiff's Complaint as if set forth fully herein.

24.     AXIS denies the allegations contained in Paragraph 24 of Plaintiff's Verified Complaint.

25.     AXIS denies the allegations contained in Paragraph 25 of Plaintiff's Verified Complaint.

26.     AXIS denies the allegations contained in Paragraph 26 of Plaintiff's Verified Complaint.

27.     AXIS denies the allegations contained in Paragraph 27 of Plaintiff's Verified Complaint.

## AS AND FOR A SECOND CAUSE OF ACTION AGAINST AXIS SURPLUS INSURANCE COMPANY

28.     AXIS repeats and reiterates its responses to the foregoing paragraphs in Plaintiff's Complaint as if set forth fully herein.

29.     AXIS denies the allegations contained in Paragraph 29 of Plaintiff's Verified Complaint.

30.     AXIS denies the allegations contained in Paragraph 30 of Plaintiff's Verified Complaint.

31.     AXIS denies the allegations contained in Paragraph 31 of Plaintiff's Verified Complaint.

## AS AND FOR A THIRD CAUSE OF ACTION AGAINST AXIS SURPLUS INSURANCE COMPANY

32.     AXIS repeats and reiterates its responses to the foregoing paragraphs in Plaintiff's Complaint as if set forth fully herein.

33.     AXIS denies the allegations contained in Paragraph 31 of Plaintiff's Verified Complaint.

34.     Paragraph 34 of Plaintiff's Verified Complaint states a legal conclusion as to which no responsive pleading is required.  To the extent a responsive pleading is required, AXIS denies the allegations contained in Paragraph 34 of Plaintiff's Verified Complaint.

35.     AXIS denies the allegations contained in second numbered Paragraph 34 of Plaintiff's Verified Complaint.

## AS AND FOR A FOURTH CAUSE OF ACTION AGAINST AXIS SURPLUS INSURANCE COMPANY

36.     AXIS repeats and reiterates its responses to the foregoing paragraphs in Plaintiff's Verified Complaint as if set forth fully herein.

37.     AXIS denies the allegations contained in Paragraph 37 of Plaintiff's Verified Complaint.

38.     AXIS denies the allegations contained in Paragraph 38 of Plaintiff's Verified Complaint.

## AS AND FOR A FIFTH CAUSE OF ACTION AGAINST AXIS SURPLUS INSURANCE COMPANY

39.     AXIS repeats and reiterates its responses to the foregoing paragraphs in Plaintiff's Verified Complaint as if set forth fully herein.

40.     AXIS denies the allegations contained in Paragraph 41 of Plaintiffs' Complaint, except to admit that the City Hall building sustained a loss on or about April 2, 2010.

41.     AXIS denies the allegations contained in Paragraph 42 of Plaintiffs' Complaint, except to admit that GAB issued a letter dated October 7, 2010 to Plaintiff.  AXIS states that the October 7, 2010 letter is the best evidence of its contents.

42.     AXIS denies the allegations contained in second numbered Paragraph 41 of Plaintiff's Verified Complaint.

## DEFENDANTS' AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

43.     This action is barred in whole or in part because the Complaint fails to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

44.     AXIS' liability, if any, is derived solely from the policy of insurance issued by AXIS.  Plaintiff's claims are barred, in whole or in part, by the terms, conditions, provisions, exclusions, and limitations of the AXIS Policy, which are pled as if copied herein.

## THIRD AFFIRMATIVE DEFENSE

45.     The AXIS Policy states, in part:

### COVERED CAUSES OF LOSS AND EXCLUSIONS

\*\*\*

B.     **Exclusions**

\*\*\*

6.     **Pollution Exclusion**

This policy does not cover any of the following.

a.     Loss or damage caused by, resulting from, contributed to or made worse by actual, alleged or threatened release, discharge, escape or dispersal of "pollutants", however caused;

b.     The expense or cost to extract or remove "pollutants" from debris;

c.     The expense or cost to extract or remove "pollutants" from land or water;

d.     The expense or cost to extract or remove, restore or replace contaminated or polluted land or water;

e.     The costs associated with the enforcement or any ordinance or law which requires you or others to test for, monitor, clean up, remove, contain, treat, detoxify or neutralize, or in any way respond to or assess the effects of "pollutants";

f.     Any costs to transport any property or debris to a site for storage or decontamination required because the property is infected by "pollutants", whether or not such removal, transport or decontamination is required by law, regulation or any authority governing such matters;

g. Any cost to store or otherwise dispose of any property because "pollutants" infect the property; or

h. Any expense for the investigation or defense of any loss, damage or any cost, loss of use expense, fine or penalty or for any expense or claim or suit related to any of the above.

\* \* \*

## GENERAL CONDITIONS

\* \* \*

E. **Definitions**

\* \* \*

32. "Pollutants" means any solid, liquid, gaseous or thermal irritant or contaminant, including, but not limited to, asbestos, dioxin, polychlorinated biphenols, smoke, vapor, soot, fumes, acids, alkalis, chemicals and waste. Waste includes materials to be recycled, reconditioned or reclaimed.

"pollutants" include, but are not limited to those materials that can cause or threaten damage to human health or human welfare or cause or threaten damage, deterioration, loss of value, marketability or loss of use to property including "bacteria", fungi, mold, mildew, virus or hazardous substances as listed in the Federal Water Pollution Control Act, Clean Air Act, Resource Conservation and Recovery Act of 1976, Toxic Substances Control Act or as designated by the U.S. Environmental Protection Agency or any other governing authority.

\* \* \*

46. To the extent that the costs alleged by Plaintiff fall within the exclusion listed above, the AXIS Policy does not provide any coverage for those costs.

## FOURTH AFFIRMATIVE DEFENSE

47. The AXIS Policy states, in part:

### COVERED CAUSES OF LOSS AND EXCLUSIONS

\* \* \*

B. **Exclusions**

\* \* \*

7. **Materials Exclusion**

This policy does not cover loss or damage caused directly or indirect by any of the following:

8

     a.     Removal of asbestos, dioxin, and polychlorinated biphenols from any goods, products, structures or debris;

     b.     Demolition, increased cost of reconstruction, repair, debris removal or loss of use necessitated by the enforcement of any law or ordinance regulating such asbestos, dioxin, and polychlorinated biphenols;

     c.     Any government direction or request declaring that such asbestos, dioxin, and polychlorinated biphenols present in or part of or utilized in any undamaged portion of your property can no longer be used for the purpose for which it was intended or installed and must be removed or modified; or

     d.     Any expense for the investigation or defense of any loss, damage or any cost, loss of use expense, fine or penalty or for any expense or claim or suit related to any of the above.

     ***

48.     To the extent that the costs alleged by Plaintiff fall within the exclusion listed above, the AXIS Policy does not provide any coverage for those costs.

## FIFTH AFFIRMATIVE DEFENSE

49.     The AXIS Policy states, in part:

### COVERED CAUSES OF LOSS AND EXCLUSIONS

     ***

**B.**     **Exclusions**

     ***

**8.**     **Fines or Penalties**

     This policy will not pay any costs, expenses, fines or penalties incurred or sustained by or imposed on you at the order of any government agency, court or other authority arising from any cause whatsoever.

50.     To the extent that the costs alleged by Plaintiff fall within the exclusion listed above, the AXIS Policy does not provide any coverage for those costs.

## SIXTH AFFIRMATIVE DEFENSE

51.     Plaintiff's damages, if any, are limited by the sublimits of liability listed in the AXIS Policy.

## SEVENTH AFFIRMATIVE DEFENSE

52.     Plaintiff's damages, if any, are subject to proper allocation and must be offset by the amount of applicable policy deductibles, as well as by any amounts due or payable from any other insurance policies, other insured, self-insured, and/or uninsured party, non-party, person or entity.


WHEREFORE, Defendant AXIS Surplus Insurance Company demands judgment dismissing Plaintiff's Complaint and awarding it the costs and disbursements in connection with this action and granting such other and further relief as this Court deems just and proper.


Dated: New York, New York
        March 25, 2011

                                            Respectfully submitted,

                                            _____
                                            Andrew C. Jacobson, Esq. (ACJ 8040)
                                            CLAUSEN MILLER, PC
                                            One Chase Manhattan Plaza, 39th Floor
                                            New York, New York  10005
                                            (212) 805-3912
                                            ajacobson@clausen.com
                                            *Attorneys for Defendant*
                                            *AXIS Surplus Insurance Company*


TO:     Stuart E. Kahan, Esq.
        **OXMAN TULIS KIRKPATRICK**
        **WHYATT & GEIGER LLP**
        *Attorneys for Plaintiff*
        120 Bloomingdale Road
        White Plains, New York 10605

10

## AFFIDAVIT OF SERVICE

STATE OF NEW YORK )

                         )        ss:

COUNTY OF NEW YORK      )

        VANESSA COLLADO being duly sworn, deposes and says that I am not a party herein, I am over eighteen years of age; that I reside in Union City, New Jersey; that I am an employee of CLAUSEN MILLER P.C., One Chase Manhattan Plaza, 39th Floor, New York, New York 10005, Attorneys for Defendant, AXIS Surplus Insurance Company., and on the 25th day of March, 2011, I served the within **ANSWER TO PLAINTIFF'S VERIFIED COMPLAINT** via Regular Mail upon the following:

Stuart E. Kahan, Esq.
**OXMAN TULIS KIRKPATRICK WHYATT & GEIGER LLP**
*Attorneys for Plaintiff*
120 Bloomingdale Road
White Plains, New York 10605

VANESSA COLLADO

Sworn to before me this
25th day of March, 2011

NOTARY PUBLIC

JOSEPH W SZALYGA
Notary Public State of New York
No 02SZ6105322
Qualified in Kings County
My Commission Expires February 9, 20___ 12