# EXHIBIT "A"

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF WESTCHESTER
-----------------------------------------------------------------X
CITY OF NEW ROCHELLE,                             Index No:

                Plaintiff,

   -against-                                          **VERIFIED COMPLAINT**

AXIS SURPLUS INSURANCE COMPANY,

                Defendant.
-----------------------------------------------------------------X

**RECEIVED**
FEB 1 8 2011
TIMOTHY C. IDONI
COUNTY CLERK
COUNTY OF WESTCHESTER

Plaintiff City of New Rochelle, by its attorneys Oxman Tulis Kirkpatrick Whyatt & Geiger, LLP as and for its Verified Complaint against Axis Surplus Insurance Company hereby alleges as follows:

## INTRODUCTION

1. This Verified Complaint is for declaratory relief, breach of contract and unjust enrichment arising out of Axis' wrongful denial of, and refusal to provide insurance coverage under Policy Number EAF723154-09("Policy") for losses suffered by Axis' policyholder the City of New Rochelle on April 2, 2010.

## THE PARTIES

2. Plaintiff City of New Rochelle ("City") is a municipal corporation organized pursuant to the laws of the State of New York with its City Hall located at 515 North Avenue, New Rochelle, New York.

3. Axis is an insurance company incorporated under the laws of the State of Illinois with a principal place of business located in Alpharetta, Georgia. Axis is authorized to do business by the Insurance Department of the State of New York.

## FACTUAL BACKGROUND

4. Axis provided commercial property coverage to the City pursuant to Policy Number EAF723154-09 for the period of December 31, 2009 through December 31, 2010. A complete copy of the aforementioned policy is annexed hereto as Exhibit "A".

5. The City is identified as the named insured with the mailing address provided as 515 North Avenue, New Rochelle, New York.

6. The City Hall location is an insured location covered by the aforementioned policy.

7. The policy contained a limit of liability of $5,000,000.00 for any one "occurrence" with a $25,000.00 property damage deductible.

8. All premiums due under the policy have been paid by the City.

9. All the applicable conditions precedent under the policy with regard to the loss as described below have been satisfied.

10. Axis owes duties of good faith and fair dealing to the City as a result of the City's purchase of the aforementioned policy.

11. The property where the loss occurred is the City Hall Building located at 515 North Avenue, New Rochelle, New York.

12. On or about April 2, 2010 the City discovered that it had sustained property damage at City Hall as a result of a water valve which broke in a ceiling.

13. The City's insurance broker, Arthur J. Gallagher Risk Management Services promptly notified Axis of the loss.

14. Axis acknowledged receipt of the claim on April 5, 2010 and assigned claim

number ATL50278. Axis assigned Chip Dickerson, Senior Claims Specialist to the handling of the claim. A copy of the acknowledgment of claim letter is annexed hereto as Exhibit "B".

15. Axis through its assigned claim representative, GAB Robins commenced an investigation of the claim.

16. By correspondence dated July 7, 2010, Daniel J. Summa from the Arthur J. Gallager Risk Management Services wrote to Ian Ward, National General Adjuster for GAB Robins regarding the claim. Mr. Summa wrote in part:

> We have reviewed the damages as well as the policy coverages and feel all the damages are covered as they resulted from the original event (water) and the abatement was part of the clean-up needed to restore the property back to the pre-loss condition. We note the applicable coverages as follows:
>
> The claim is covered under "Covered Causes of Loss and Exclusions A. Covered Causes of Loss". In review of the exclusions we do not find any which would apply to this loss and we maintain that the expenses incurred from Applied Technology, Hemron Environmental, IAS Indoor Air Specialist etc. were all due to the covered cause of loss and the abatement of same. In the course of our review we analyzed Exclusions 6 Pollution Exclusion, page 28 of 43 of the policy and find that none of the 8 categories listed are applicable.
>
> Further under "Property Damage Coverage, A. Coverage number 13, page 15 of 43 Pollutant Clean Up and Removal" the section and sub limit ($10,000.00) did not apply to this claim as it pertains only to "extract pollutants from land or water" neither of which was involved in this claim.

17. On September 28, 2010 Mr. Summa again wrote to Mr. Ward requesting a status report.

18. On October 7, 2010 Mr. Ward on behalf of Axis sent a letter to Mr. Mark Zulli, Purchasing/Risk Manager for the City. In that letter, annexed as Exhibit "C", Mr. Ward wrote:

> As you are aware, we represent the Axis Surplus Insurance Company, who

> insures City of New Rochelle under policy number EAF723154-09 for this loss and damage being handled under claim number ATL 50278. As per our site inspections and continued discussions with you and your broker Arthur J. Gallagher, it is evident that the broken pipe has resulted in water damage to the above location. Although the Policy provides partial coverage for resulting Water Damage, we refer you to Policy language "B. Exclusions" which outlines the exclusion for the cleanup of Pollutants...
>
> As such, we find it necessary to advise you that the costs associated to the Pollutant Clean Up will not be considered in the adjustment of the Covered repair costs and therefore must deny coverage for this portion of the claim accordingly. We will however continue to adjust the covered portion of your claim with you.

19. On December 1, 2010, City Corporation Counsel Kathleen Gill responded to Mr. Ward's letter (Exhibit "D"). The Corporation Counsel disputed Axis' position regarding the claimed policy exclusions:

> It is our position that the removal of the pipe insulation and/or fire protective spray that contained asbestos is a direct physical loss occasion by water damage, which is covered under the debris removal provision. Alternatively, the interpretation of the pollution and the material exclusions in the denial is inconsistent with the clear language of the debris removal provision which creates an ambiguity. As provided in the authorities cited herein, any ambiguity must be construed against the insurer.

20. On December 16, 2010, counsel for Axis responded to the Corporation Counsel's letter (Exhibit "E"). Counsel advised:

> The costs to remove asbestos from the structure or debris, the increased cost of debris removal and the cost to investigate the removal of asbestos are not covered by Axis policy number EAF723154-09 ("Policy"). These costs fall within the policy's material exclusion (exclusion B.7) and/or pollution exclusion (exclusion B.6) cited in the October 7, 2010 partial declination letter. Therefore, Axis confirms its position that the policy does not provide any coverage for these asbestos related expenses.

21. On January 5, 2011 Axis's counsel sent another letter to the Corporation Counsel (Exhibit "F"):

4

> As you know, we represent Axis Surplus Insurance Company ("Axis") in regard to the above mentioned claim. The City of New Rochelle was previously advised that Axis was investigating this claim under a complete reservation of rights and that a portion of the claim was denied as set forth in a GAB Robins' letter dated October 7, 2010 and our letter dated December 16, 2010.
>
> Axis has completed its final investigation of this claim. The findings from Axis' investigation is summarized on the final statement of loss prepared by GAB Robins that is attached hereto. After subtracting Axis' advanced payment of $150,000.00 and the policy's $25,000.00 deductible, a total of $5,227.96 is due. Accordingly a check in the amount of $5,227.96 issued by Axis is attached hereto in payment of this claim as calculated by Axis.
>
> By making this payment, Axis does not waive its positions set forth in the partial declination letter issued by GAB Robins on October 7, 2010 and confirmed in our December 16, 2010 letter. Axis continues to reserve all of its rights under the term and conditions under the policy number EAF 723154-09 ("Policy") and/or applicable law. Axis reserves the right to rely on all of the terms and conditions of the Policy, whether or not mentioned herein. Neither this letter nor any action taken by Axis in the investigation or payment of this claim is intended to nor does it waive any of the terms and conditions of the policy or Axis' rights under the law. All rights remain reserved.
>
> Axis acknowledges that the City of New Rochelle will not waive any of its rights regarding Axis' partial denial of coverage by accepting this payment and cashing the attached check. The City of New Rochelle's acceptance of this payment will not prejudice any of the City's rights under the terms and conditions of the policy or the City's rights under the law.

22. The final statement of loss annexed to the letter from Axis' counsel indicates that Axis declined to pay $273,443.90 for damages claimed to have arisen from the water damage on April 2, 2010. It is this sum which the City seeks to recover from Axis along with interest, costs and counsel fees.

### AS AND FOR A FIRST CAUSE OF ACTION AGAINST AXIS SURPLUS INSURANCE COMPANY

23. The City repeats, reiterates and realleges each and every allegation set forth in

5

paragraphs "1" through "22" as if more fully set forth herein.

24. The decision by Axis to decline to reimburse the City for certain expenses which the City has incurred as a result of the water damage totaling $273,443.90 lacks any factual or legal basis.

25. Axis' reliance upon the Policy's pollution exclusion, materials exclusion and the definition of pollutants as detailed in its October 7, 2010 partial declination letter is misplaced and is inconsistent with the expresses terms of the Policy which afford coverage to the City of New Rochelle for this loss including the $273,443.90 in costs incurred by the City of New Rochelle in cleaning up the debris from the water damage.

26. A Declaratory Judgment determining the City's insurance coverage rights is imperative because the City has suffered and continues to suffer severe consequences as a result of Axis partial declination of coverage.

27. Accordingly the City is entitled to a Declaratory Judgment by this Court as to the obligations of Axis under the Policy and specifically that the City is entitled to coverage for all cleanup costs including any environmental cleanup costs incurred as a result of the April 2, 2010 claim and further that the City is entitled to complete indemnification for monetary loss suffered as a result of this claim.

## AS AND FOR A SECOND CAUSE OF ACTION
## AGAINST AXIS SURPLUS INSURANCE COMPANY

28. The City repeats, reiterates and realleges the allegations contained in paragraphs "1" through "27" as if more fully set forth herein.

29. Axis' decision not to cover the City's loss for environmental cleanup as a result of

the April 2, 2010 claim represents a breach of the insurance contract entered into between the City of New Rochelle and Axis.

30. The City of New Rochelle should be fully reimbursed by Axis for losses sustained by the City as a result of the April 2, 2010 in claim including payment of $273,443.90 representing environmental cleanup costs as a result of the claim.

31. The City has been damaged as a result of Axis' breach of contract in the amount of $273,443.90 with interest measured from April 2, 2010 by reason of Axis' failure to pay its contracted for insurance. Said sum represents the total remediation costs minus the City's deductible and those sums already paid by Axis.

## AS AND FOR A THIRD CAUSE OF ACTION
## AGAINST AXIS SURPLUS INSURANCE COMPANY

32. The City repeats, reiterates and realleges each and every allegation in paragraphs "1" through "31" as if more fully set forth herein.

33. The Policy and the exclusions relied upon by Axis are, as written, at the very least ambiguous as to what coverage is afforded to the City.

34. New York State Law requires that in construing an insurance policy all ambiguities must be resolved in favor of the insured and against the insurer.

34. As a result of these ambiguities Axis' must indemnify the City in the amount of $273,443.90 plus interest from April 2, 2010 by reason of Axis failure to pay for the contracted for insurance.

## AS AND FOR A FOURTH CAUSE OF ACTION
## AGAINST AXIS SURPLUS INSURANCE COMPANY

36. The City repeats, reiterates and realleges the allegations in paragraphs "1"

7

through "35" as if more fully set forth herein.

37. As a result of the decision by Axis to refuse payment to the City for the environmental cleanup costs associated with the April 2, 2010 claim the City has been forced to incur additional expenses including retention of counsel to pursue the relief sought herein.

38. Should the City be successful in its claim against Axis the City should be awarded counsel fees and other consequential damages that it has incurred as a result of the wrongful declination of coverage.

## AS AND FOR A FIFTH CAUSE OF ACTION
## AGAINST AXIS SURPLUS INSURANCE COMPANY

39. The City repeats, reiterates and realleges the allegations in paragraphs "1" through "38 as if more fully set forth herein.

41. The water damage to City Hall Building occurred on April 2, 2010.

42. Axis did not issue its partial declination of coverage letter until October 7, 2010, six months after the date of claimed loss.

41. Axis' declination of coverage was untimely and therefore this Court should issue a Declaratory Judgment that Axis' efforts to partially disclaim coverage for the loss must be denied on ground of untimely notice of disclaimer.

**WHEREFORE**, the City requests:

(1) A Declaratory Judgment pursuant to CPLR §3001 that Axis is obligated to pay the City the sum of $273,443.90 representing environmental cleanup costs arising out of the April 2, 2010 claim;

(2) An award against Axis in the amount of $273,443.90 plus interest;

(3)  An award of actual and consequential damages including counsel fees incurred by the City as a result of Axis' breach of contract;

(4)  For such other and further relief as this Court deems just and proper.

Dated: White Plains, New York
       February 11, 2011

>                         OXMAN TULIS KIRKPATRICK WHYATT
>                         & GEIGER, LLP
>
>                         By: _____
>                             Stuart E. Kahan, Esq.
>                         120 Bloomingdale Road, Suite 100
>                         White Plains, New York 10605
>                         (914) 422-3900
>                         (914) 422-3636 Fax
>                         skahan@oxmanlaw.com
>                         Attorneys for the City of New Rochelle

# VERIFICATION

STATE OF NEW YORK          )
                           ) ss.:
COUNTY OF WESTCHESTER )

CHARLES B. STROME, III , being duly sworn deposes and says:

I am the City Manager for the Plaintiff City of New Rochelle. I have read the annexed Summons and Verified Complaint, know the contents thereof; the same are true to the best of my knowledge, except those matters therein which are stated to be alleged on information and belief, and as to those matters I believe them to be true.

_____
CHARLES B . STROME, III

Sworn to before me
this __ day of February, 2011

_____
Notary Public

KATHLEEN GILL
Notary Public, State of New York
No. 02GI5027974
Qualified in Westchester County
Commission Expires May 23, 2013